Robert E. Grossman (RG-3602)
Heidi J. Sorvino (HS-6111)
Beth Green Kibel (BG-1826)
ARENT FOX PLLC
1675 Broadway
New York, NY 10019
(212) 484-3900

Attorneys for the Debtors

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

| | |
|---|---|
| In re | Chapter 11 |
| 240 CHURCH STREET OPERATING COMPANY II, LLC, *et al.*, | Case No. 04-14388 (RDD) (Jointly Administered) |
| Debtors. | |

-----------------------------------------------------------x

## AMENDED PROFFER OF KEVIN KURTZMAN

I am fully familiar with the facts hereinafter stated. This proffer is submitted in support of Confirmation of the First Amended Joint Plan of Reorganization (the "Plan") of 240 Church Street Operating Company II, LLC; 107 Osborne Street Operating Company II, LLC; 599 Boston Post Road Operating Company II, LLC; 245 Orange Avenue Operating Company II, LLC; 710 Long Ridge Road Operating Company II, LLC; 1 Burr Road Operating Company II, LLC; and 341 Jordan Lane Operating Company II, LLC (collectively, the "Debtors"). I am the Chief Financial Officer of the Debtors and have held this position since December 1, 2003. If called to testify at the Plan Confirmation Hearing on December 21, 2004, I would testify as follows:

## I. THE PLAN SATISFIES THE CONFIRMATION REQUIREMENTS OF SECTION 1129(A) OF THE BANKRUPTCY CODE

### A. 1129(a)(1)

Section 1129(a)(1) of the Bankruptcy Code requires that a plan comply with the applicable provisions of Title 11.

#### 1. §1122(a) – Classification of Claims

The Plan provides for two separate classes of claims: General Unsecured Claims (Class 1) and Convenience Claims (Class 2).

Section 1122(a) of the Bankruptcy Code, which governs classification of claims, requires that all claims or interests within a particular class must be "substantially similar to the other claims or interests of such class." The classification scheme under the Plan is reasonable and complies with this provision of the Code.

#### 2. Section 1123(a) States Provisions that Must be Contained in a Plan.

**(i) Section 1123(a)(1): Designation of Classes**

Section 1123(a)(1) requires that the Plan "designate … classes of claims, other than claims of a kind specified in section 507(a)(1), 507(a)(2) or 507(a)(7) of this title, and classes of interests". Article IV of the Plan designates the classes of Claims previously described.

**(ii) Section 1123(a)(2): Specification of Treatment of Non-Impaired Classes**

Section 1123(a)(2) requires that a plan "specify any class of claims or interests that is not impaired under the plan." Article V of the Plan states that class 2 is not impaired under the Plan.

**(iii) Section 1123(a)(3): Specification of Treatment of Impaired Classes**

Section 1123(a)(3) requires that a plan "specify the treatment of any class of claims or interests that is impaired under the Plan." Article V of the Plan states that class 1 is impaired under the Plan.

**(iv) Section 1123(a)(4): Equal Treatment of Each Class**

Section 1123(a)(4) requires that a plan "provide the same treatment for each claim or interest of a particular class, unless the holder of a particular claim or interest agrees to a less favorable treatment …" The Plan satisfies this requirement. No Claim of any Class will receive treatment more or less favorable than the other Claims in that Class.

**(v) Section 1123(a)(5): Means For Plan's Implementation**

Section 1123(a)(5) requires that plan "provide adequate means for the Plan's implementation …" Articles VI of the Plan provide detailed descriptions of the means for the Plan's implementation. The Plan provides adequate means for the Plan's implementation to make all distributions to

holders of Allowed Claims. The Plan is in full compliance with Section 1123(a)(5) of the Bankruptcy Code.

**(vi)   Section 1123(a)(6): Prohibition on
         Issuance of Nonvoting Equity Securities**

Section 1123(a)(6) of the Bankruptcy Code requires that a plan shall, "provide for the inclusion in the charter of the debtor, if the debtor is a corporation … of a provision prohibiting the issuance of nonvoting equity securities, and providing, as to the several classes of securities possessing voting power, an appropriate distribution of such power among such classes …" The Debtors comply with Section 1123(a)(6) because no stock is being issued under the Plan.

**(vii)  Section 1123(a)(7): Manner of Selection
         of Officers and Directors**

Section 1123(a)(7) requires that a plan shall "contain only provisions that are consistent with the interests of creditors and equity security holders and with public policy with respect to the manner of selection of any officer, director, or trustee under the plan and any successor to such officer, director or trustee." Kevin Kurtzman will remain as Chief Financial Officer of the Debtors. In addition, Michael Sherman shall become Vice President and General Counsel of the Debtors. Therefore, the Plan complies Section 1123(a)(7).

The Plan, therefore, contains all of the provisions mandated by Section 1123(a) of the Code.

**3.    Section 1123(b)**

**(i)    Section 1123(b)(1)**

Section 1123(b)(1) provides that a plan may "impair or leave unimpaired any class of claims, secured or unsecured, or of interests." Article V of the Plan provides for the designation and treatment of unimpaired classes of Claims, as well as the treatment of impaired classes of Allowed Claims.

**(ii)   Section 1123(b)(2)**

Section 1123(b)(2) permits a plan to "provide for the assumption, rejection or assignment of any executory contract or unexpired lease of the debtor not previously rejected." Article IX of the Plan contains provisions consistent with Section 1123(b)(2) regarding the assumption and rejection of various executory contracts and unexpired leases.

**(iii)  Section 1123(b)(3)**

Section 1123(b)(3) permits a plan to provide for the debtor's retention, enforcement, settlement, or adjustment of any claim or interest belonging to the debtor or the estate. Article X of the Plan provides the jurisdiction and procedure for resolving Disputed Claims.

**(iv)    Section 1123(b)(4)**

Section 1123(b)(4) permits a plan to provide for the sale of substantially all of the property of the estate and the distribution of such proceeds. No sale is contemplated by the Debtors. The Plan complies with Section 1123(b)(4).

**(v)    Section 1123(b)(5)**

Section 1123(b)(5) provides that a Plan can modify the rights of holders of Claims or leave unaffected the rights of holders of any class of Claims. The treatment of each class of Claims is set forth at Article V of the Plan.

**(vi)    Section 1123(b)(6)**

Section 1123(b)(6) also authorizes the inclusion in a plan of "any other appropriate provision not inconsistent with the applicable provisions of this title." The Debtors contend that the Plan does not contain any provisions that are inconsistent with the applicable provisions of title 11. As the Plan complies both with Section 1122 and with the mandatory and permissive provisions of Section 1123, the Plan satisfies the requirements of Section 1129(a)(1).

**B.    1129(a)(2)**

Section 1129(a)(2) of the Bankruptcy Code requires that the proponent of a plan must comply with the applicable provisions of the Bankruptcy Code. On December 11, 2004, the Debtors caused to be mailed a solicitation package in compliance with the Solicitation Procedures Order entered by the Court on December 10, 2004. Accordingly, the Debtors have complied with Sections 1125, 1126 and 1129(a) of the Bankruptcy Code.

**C.    1129(a)(3)**

Section 1129(a)(3) of the Bankruptcy Code requires as a prerequisite to the confirmation of a plan of reorganization that the plan be "proposed in good faith and not by any means forbidden by law." Here, the Debtors have proposed the Plan for valid business purposes with the intention of satisfying the claims of their unsecured creditors. The Plan was discussed with the Committee and the United States Trustee. Accordingly, the Debtors submit that the Plan has been proposed in good faith and not by any means forbidden by the law in accordance with Section 1129(a)(3) of the Bankruptcy Code.

**D.    1129(a)(4)**

Section 1129(a)(4) requires that "[a]ny payment … for services or for costs and expenses in or in connection with the case, or in connection with the plan and incident to the case, has been approved by, or is subject to the approval of the court as reasonable." The professionals have been retained in this case have been retained pursuant to Orders of the Court. Except as otherwise provided or permitted by (i) the Plan or (ii) the Court's order dated July 30, 2004 establishing procedures for interim compensation and reimbursement of expenses for professionals (the "Interim Compensation Order"), any payment made or to be made by the Debtors for services or for costs and expenses in or in connection with these chapter 11 cases, or

in connection with the Plan and incident to these chapter 11 cases, have been approved by, or are subject to the approval of, the Court as reasonable, thereby satisfying section 1129(a)(4) of the Bankruptcy Code.

**E.**     **1129(a)(5)**

Upon the Effective Date, (i) Kevin Kurtzman will remain the Chief Financial Officer of the Debtors and (ii) Michael Sherman will be appointed as Vice President and General Counsel to the Debtors. Thus, the Plan comports with the requirements of §1129(a)(5).

**F.**     **1129(a)(6)**

Section 1129(a)(6) is inapplicable to this case as no rate changes are provided for in the Plan that would require governmental regulatory commission approval.

**G.**     **1129(a)(7)**

The "Best Interests" test set forth in Section 1129(a)(7) requires a plan proponent to demonstrate that with respect to each impaired class of claims or interests, the holder of each claim or interest has either accepted the plan or will retain or receive under the plan property of a value as of the Effective Date of the Plan that is not less than the amount that such holder would so receive or retain if the Debtors were to be liquidated under chapter 7 of the Bankruptcy Code.

The Plan meets the requirements of Section 1129(a)(7).

**H.**     **1129(a)(8)**

Section 1129(a)(8) of the Bankruptcy Code requires that each class of creditors and equity security holders has either accepted the Plan or is not impaired under the Plan. Class 2 is not impaired under the Plan and is therefore deemed to have accepted the Plan pursuant to Section 1126(f) of the Bankruptcy Code. Class 1 is impaired under the Plan. As set forth in the Certification of Ballots filed with the Court, Class 1 has accepted the Plan.

**I.**     **1129(a)(9)**

Section 1129(a)(9) of the Bankruptcy Code requires that holders of Claims under Section 507 of the Bankruptcy Code receive distributions in a specified manner. The Plan fully complies with the distribution priority set forth in Section 507.

**J.**     **1129(a)(10)**

Section 1129(a)(10) of the Bankruptcy Code requires that at least one class of claims that is impaired has accepted the plan. Class 1 has accepted the Plan.

**K.**     **1129(a)(11)**

Section 1129(a)(11) requires confirmation of the plan is not likely to be followed by the liquidation, or the need for further financial reorganization of the debtor unless such liquidation

or reorganization is proposed in the Plan.

The Plan provides for an unconditional guaranty by Care Realty, LLC ("Care") of all Allowed General Unsecured Claims. Care's most recent unaudited financial statement for the period ending September 30, 2004 demonstrates that Care has a net worth in excess of 200 million.

In addition, the Debtors have entered into an Exit Financing Facility with GECC which provides for a $10,000,000 revolving credit facility. A copy of the Exit Loan Agreement (without its exhibits and schedules) is annexed hereto as Exhibit A. Accordingly, the Plan meets the requirements of 1129(a)(11) and is feasible.

**L.     1129(a)(12)**

Section 1129(a)(12) of the Bankruptcy Code requires that all fees payable under 28 U.S.C.§ 1930, have been paid or the Plan provides for payment of all such fees as soon as practicable after the Effective Date of the Plan. Article XV of the Plan of Reorganization provides for payment of fees pursuant to 28 U.S.C.§ 1930. Thus the requirements of Section 1129(a)(12) have been satisfied.

**M.     1129(a)(13)**

Section 1129(a)(13) of the Bankruptcy Code requires a plan to provide for the continuation after its effective date of payment of all retiree benefits at the level established at any time prior to confirmation of the Plan, for the duration of the period the Debtors are obligated itself to provide such benefits. The Debtors are not obligated, nor in the future will be obligated, to pay retiree benefits. Thus Section 1129(a)(13) is inapplicable to these chapter 11 cases.

Accordingly, the Debtors respectfully submit that the Plan satisfies each of the requirements set forth in section 1129(a) of the Bankruptcy Code.

## CONCLUSION

Wherefore, for the reasons set forth on the record, the Certification of the Ballots and this Proffer of Kevin Kurtzman, the Debtors respectfully request that the Court enter an order confirming the Plan.

Dated:   New York, New York
         December 22, 2004

                                        */s/ Kevin Kurtzman*
                                        Kevin Kurtzman
                                        Chief Financial Officer